LENARD E. SCHWARTZER
6655 West Sahara Avenue, Suite B200-107
Las Vegas, NV 89146
(702) 307-2022

TRUSTEE

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | ) Case No. BK-S 23-12634-HLB |
| | ) |
| FRANCISCO SILVA-REYES | ) IN PROCEEDINGS UNDER CHAPTER 7 |
| and | ) |
| LUCINA ELIZABETH REYES | ) EX-PARTE APPLICATION TO EMPLOY |
| | ) RANDAZZA LEGAL GROUP, PLLC AS |
| | ) SPECIAL COUNSEL ON A CONTINGENT |
| Debtors | ) FEE BASIS UNDER 11 U.S.C. § § 327(e) and |
| | ) 328(a) |
| | ) |
| _____ | ) |

LENARD E. SCHWARTZER, Chapter 7 Trustee (the "Trustee"), brings this application to

employ RANDAZZA LEGAL GROUP, PLLC. ("Attorneys") as Special Counsel on a contingent fee

basis.

This Application is based on the attached Points and Authorities, the Declaration of ALEX J.

SHEPARD. ESQ. filed concurrently with this application.

**POINTS AND AUTHORITIES**

Facts

1. Debtor filed for relief under Chapter 7 of the Bankruptcy Code on June 29, 2023 and

closed on January 22, 2024.

2. The case was reopened on May 1, 2025 and  LENARD E. SCHWARTZER is the duly

appointed and acting trustee herein.

3. The Trustee has determined that the assets of the estate include a series of claims (referred

to collectively as the "Claims") that will need to be investigated, developed, and pursued, including

but not limited to the following:

      (a)  Legal malpractice claims against attorneys Eric Dobberstein, Kym Samuel Cushing and their respective law firms.

    4. The Trustee desires to employ Attorneys on a contingency fee basis, pursuant to a Special Litigation Counsel Agreement (the "Agreement"), attached hereto as Exhibit "1" and incorporated herein by reference. The Agreement provides, in part, for attorneys' fees as follows:

      (1) 33% for any recovery prior to filing a complaint;

      (2) 40% of any recovery after filing a complaint; or

      (3) 50% of any recovery after any appeal, plus reasonable costs incurred.

    5. Based upon the accompanying Declaration of ALEX J. SHEPARD, ESQ., and notwithstanding the provision in the Agreement (Exhibit "1"), Attorneys shall turnover to the Trustee all funds collected in the Claims    .

    6. The Trustee proposes that the compensation for the services of Attorneys be on a contingency fee basis, subject to final application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code.

    7. The professional service rendered by Attorneys will be limited to representation in the fraudulent transfer and legal malpractice litigation.

    8. Attorneys employ attorneys admitted to practice in all Courts necessary to litigate this matter.

    9. To the best of the Trustee's knowledge, based upon the accompanying Declaration of ALEX J. SHEPARD. ESQ., all professionals and employees comprising or employed by RANDAZZA LEGAL GROUP, PLLC. do not represent or hold any interest adverse to the debtor or to the estate or with their attorneys or accountants, or with any judge of the United States Bankruptcy Court for the District of Nevada, the United States Trustee, or any person employed in the Office of the U.S. Trustee with respect to the matter on which such attorney will be employed.

    10. The Trustee believes, and Attorneys will strive to insure, that the Attorney's employment will not be duplicative or overlapping of the work performed by the Trustee. Attorneys duties will be limited to prosecution of the Litigation on behalf of the estate.

1    11.  Trustee believes that it would be in the best interests of the estate and the creditors that

2    he be allowed to employ Attorneys as special counsel on a contingency fee basis.

3    <u>Memorandum of Law</u>

4    11 U.S.C. § 327(a) provides that a trustee may employ attorneys" that do not hold or

5    represent an interest to the estate, and that are disinterested person," to represent and assist the trustee

6    in carrying out the trustee's duties. A trustee may also, with approval of the court, employ an attorney

7    for a "specified special purpose...if in the best interest of the estate, and if such attorney does not

8    represent or hold any interest adverse to the debtor or to the estate with the respect to the matter on

9    which such attorney is to be employed." 11 U.S.C. § 327(e).

10

11    11 U.S.C. § 328(a) provides:

12    The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under

13    section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or

14    percentage fee basis, or on a contingent fee basis.  Notwithstanding such terms and conditions, the court may allow compensation different from the compensation

15    provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments

16    not capable of being anticipated at the time of the fixing of such terms and conditions.

17

18    11 U.S.C §328 permits a professional to have the terms and conditions of its employment

19    pre-approved by a bankruptcy court, such that the bankruptcy court may alter agreed upon

20    compensation only "if such terms and conditions prove to have been improvident in light of

21    developments not capable of being anticipated at the time of fixing such terms and conditions."  <u>In re</u>

22    <u>Circle K.Corp.,</u> 279 F.3d 669, 671 (9th Cir. 2002).

23    / / / / /

24    / / / / /

25    / / / / /

26    / / / / /

27    / / / / /

28

3

1

Conclusion

2    Based upon the foregoing, the Trustee requests authority to employ RANDAZZA LEGAL

3  GROUP, PLLC. to represent the bankruptcy estate in the malpractice litigation on a contingency

4  basis (plus reimbursement of reasonable costs) pursuant to the terms of the Special Litigation

5  Counsel Agreement  (Exhibit "1"), with the payment of fees and costs subject to final application and

6  approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code.

7

8  Dated:  June 25, 2025                    /s/ Lenard E. Schwartzer
                                           LENARD E. SCHWARTZER
9                                          Trustee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# EXHIBIT 1

## SPECIAL LITIGATION COUNSEL AGREEMENT

Lenard E. Schwartzer, as Chapter 7 Trustee for the Bankruptcy Estate of Francisco Silva-Reyes and Lucina Elizabeth Silva (the "Trustee") and the law firm of Randazza Legal Group, PLLC ("RLG") hereby agree that RLG will provide legal services to the Trustee as special litigation counsel pursuant to the terms set forth below. (RLG will be referred to hereafter as "Special Litigation Counsel").

1.    <u>CONDITIONS:</u> This Agreement will not take effect, and Special Litigation Counsel will have no obligation to provide legal services, until it is approved by the United States Bankruptcy Court ("Bankruptcy Court"). Upon satisfaction of these conditions, this Agreement will be deemed to take effect as of the Court approval date, or such other date the Bankruptcy Court may state.

2.    <u>SCOPE OF SERVICES AND ATTORNEY'S DUTIES:</u> Trustee agrees to hire Special Litigation Counsel, subject to Bankruptcy Court approval, as his Special Litigation Counsel on a contingency fee basis to investigate, research, conduct discovery on, and prosecute potential claims held by the Trustee and/or the bankruptcy estate of Francisco Silva-Reyes and Lucina Elizabeth Silva (the "Bankruptcy Estate") in Nevada State Courts, including but not limited to legal malpractice claims against attorneys Eric Dobberstein, Kym Samuel Cushing, and Dobberstein Law Group.

3.    <u>SPECIAL LITIGATION COUNSEL DUTIES:</u> Special Litigation Counsel will provide those legal services reasonably required to represent the Trustee and will take reasonable steps to keep the Trustee informed of progress and to respond to the Trustee's inquiries. If a court action is filed, Special Litigation Counsel will represent the Trustee through trial and post-trial motions, and appeal. This Agreement does cover representation in collection proceedings after judgment or proceedings regarding renewal of a judgment, but in the event the Trustee engages another law firm for collection work then Special Litigation Counsel's contingency fee will be based on the net recovered proceeds remaining after payment of collection counsel's fees and costs. After consultation with Trustee, Special Litigation Counsel retain the discretion as to whether or not to file any cause of action. Special Litigation Counsel will cooperate with Trustee in obtaining Bankruptcy Court approval of its employment.

4.    <u>TRUSTEE DUTIES:</u> The Trustee agrees to be truthful with Special Litigation Counsel and not to withhold information. Further, the Trustee agrees to cooperate, to keep Special Litigation Counsel informed of any information or developments which may come to the Trustee's attention, to abide by this Agreement, and to seek approval from the Bankruptcy Court for this Agreement. The Trustee will assist Special Litigation Counsel by timely providing necessary information and documents. The Trustee agrees to appear at all legal proceedings when Special Litigation Counsel deems it necessary, and generally to cooperate fully with Special Litigation Counsel in all matters related to the preparation and presentation of the Trustee's claims. Trustee will prepare and prosecute the application for the employment of Special Litigation Counsel.

5.    <u>LEGAL FEES:</u> Special Litigation Counsel is free to take on other professional engagements so long as same do not interfere with the Special Litigation Counsel's ability to deliver competent and effective legal services to the Trustee. Special Litigation Counsel will be

compensated for its professional services on a contingency fee basis at the rates set out below. There will be no retainer. Compensation to Special Litigation Counsel will only be paid from funds recovered by Special Litigation Counsel, subject to Bankruptcy Court approval pursuant to 11 U.S.C. § 330 and Federal Rule of Bankruptcy Procedure 2016.

6.    CONTINGENCY FEE: In the event there is a recovery, then Special Litigation Counsel will be entitled to the following contingency fee paid from said proceeds, subject to Bankruptcy Court approval:

    (i)     33% for any recovery prior to filing a complaint;

    (ii)    40% of any recovery after filing a complaint; or

    (iii)   50% of any recovery after any appeal.

7.    WITHDRAWAL AS COUNSEL: If Special Litigation Counsel withdraw or are discharged by the Trustee from the representation governed by this contract, Special Litigation Counsel may still apply to the Bankruptcy Court for compensation pursuant to 11 U.S.C. § 330 of the Bankruptcy Code for the value of the work actually performed, but such application for compensation will be at the discretion of the Bankruptcy Court. If Special Litigation Counsel are discharged without good cause, the contractual obligation herein to pay the fee is not affected.

8.    FEES SUBJECT TO BANKRUPTCY COURT APPROVAL: Special Litigation Counsel understand and agree that payment of any attorney's fees and costs pursuant to this Agreement is subject to the prior approval of the Bankruptcy Court.

9.    REPRESENTATIONS OF COUNSEL: Special Litigation Counsel represent that they do not represent any party with an interest in or an interest against the Bankruptcy Estate or the Trustee except for their representation of certain creditors of the Bankruptcy Estate. Special Litigation Counsel will ensure their representation of any creditors of the Bankruptcy Estate will never conflict with its representation of the Trustee.

10.    COSTS AND LITIGATION EXPENSES: Special Litigation Counsel will incur various costs and expenses in performing legal services under this Agreement. Special Litigation Counsel agrees to advance all costs, disbursements, and expenses incurred in connection with this matter. Costs, disbursements, and litigation expenses commonly include court fees, jury fees, service of process charges, court and deposition reporters' fees, interpreter/translator fees, outside photocopying and reproduction costs, notary fees, long distance telephone charges, messenger and other delivery fees, postage, deposition costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultant, expert witness, professional mediator, arbitrator and/or special master fees and other similar items. Any such costs, disbursements, and expenses advanced by Special Litigation Counsel will be reimbursed from any recovery made by Special Litigation Counsel in connection with this matter from the Bankruptcy Estate's portion of recovery after any contingency fees are calculated. However, if no such recovery is made, Special Litigation Counsel will receive no reimbursement for any such costs, disbursements, and expenses. All such expense reimbursements will be subject to approval by the Bankruptcy Court and the Trustee prior to payment.

11.    <u>APPROVAL NECESSARY FOR SETTLEMENT:</u> Special Litigation Counsel understands it may not make any settlement or compromise of any nature of any of the claims held by the Trustee or the Bankruptcy Estate without the Trustee and Bankruptcy Court's prior approval. The Trustee and the Bankruptcy Court retain the absolute right to accept or reject any settlement. Attorney understands and agrees that any settlement is subject to the prior approval of the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019.

12.    <u>DISCHARGE AND WITHDRAWAL:</u> The Trustee may discharge Special Litigation Counsel at any time. Special Litigation Counsel may withdraw with the Trustee's consent or for good cause or if permitted under the Rules of Professional Conduct and/or applicable law. Among the circumstances under which Special Litigation Counsel may withdraw are: (a) with the consent of the Trustee; and/or (b) the Trustee's conduct renders it unreasonably difficult for the Special Litigation Counsel to carry out the employment effectively. Notwithstanding the discharge and provided there is a recovery, Special Litigation Counsel may apply to the Bankruptcy Court for compensation at a reasonable rate for all services provided and for reimbursement of costs advanced, but any payment from the recovery will be subject to Bankruptcy Court approval. In the event Special Litigation Counsel voluntarily withdraws from representing the Trustee without cause, Special Litigation Counsel waives, and will not be entitled to be paid, any future fees or costs by the Trustee after the date of withdrawal but may be entitled to be paid for fees and reimbursed for any costs and expenses already advanced by Special Litigation Counsel, subject to Bankruptcy Court approval.

13.    <u>CONCLUSION OF SERVICES:</u> When Special Litigation Counsel's services conclude, whether by completing the services covered by this Agreement, or by discharge or withdrawal, all unpaid charges for fees, costs and expenses will be due and payable upon Bankruptcy Court approval. The Trustee may have access to the Trustee's case file at Special Litigation Counsel's office at any reasonable time.

14.    <u>RECEIPT OF PROCEEDS:</u> Any proceeds of the Trustee's case will be deposited into the Trustee's trust account for disbursement in accordance with the provisions of this Agreement and Bankruptcy Court order.

15.    <u>ENTIRE AGREEMENT:</u> This Agreement contains the entire agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties.

16.    <u>MODIFICATION BY SUBSEQUENT AGREEMENT:</u> This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both parties and approved by the Bankruptcy Court.

17.    <u>CONFLICT OF INTEREST:</u> Special Litigation Counsel will secure conflict waivers from any clients they represent who are creditors of the Bankruptcy Estate, waiving any and all actual or potential Conflicts of Interest which may be created as a result of Special Litigation Counsel's execution of this Agreement and acknowledging they have had the opportunity to consult with independent counsel. Special Litigation Counsel will provide Trustee with a list of all possible conflicts of interest.

18.    DISPUTES: Any dispute arising from, or related to, this Agreement shall be submitted to the Bankruptcy Court, District of Nevada, unless otherwise agreed in writing by both the Trustee and Special Litigation Counsel.

19.    SIGNATURES: Each party signing below is jointly and severally responsible for all obligations due us and represents that each has full authority to execute this Agreement so that it is binding, subject to Bankruptcy Court approval. This Agreement may be signed in one or more counterparts and binds each party countersigning below, whether or not any other proposed signatory ever executes it.

20.    SEVERABILITY: If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not impact other provisions or applications of this Agreement which can be given effect without such provisions or application, and to this end the provisions of this Agreement are declared to be servable.

**CHAPTER 7 TRUSTEE**

_____
Lenard E. Schwartzer
*Chapter 7 Trustee for the*
*Bankruptcy Estate of Francisco Silva-Reyes*
*and Lucina Elizabeth Silva*

Dated: _____

**RANDAZZA LEGAL GROUP, PLLC**

*Alex Shepard*
_____
Alex J. Shepard

Dated: __June 17, 2025__

---

Special Litigation Counsel Agreement                                    Page 4 of 4