LENARD E. SCHWARTZER
6655 West Sahara Avenue, Suite B200-107
Las Vegas, NV 89146
(702) 307-2022

TRUSTEE

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>FRANCISCO SILVA-REYES<br>and<br>LUCINA ELIZABETH REYES<br><br>Debtors | Case No. BK-S 23-12634-HLB<br><br>IN PROCEEDINGS UNDER CHAPTER 7<br><br>AMENDED DECLARATION OF ALEX J. SHEPARD. ESQ. IN SUPPORT OF APPLICATION TO EMPLOY RANDAZZA LEGAL GROUP, PLLC. AS SPECIAL COUNSEL ON A CONTINGENT FEE BASIS UNDER 11 U.S.C. §§ 327(e) and 328(a) |

I, ALEX J. SHEPARD. ESQ.,state and declare under penalty of perjury as follows:

1. I am an attorney and counselor at law, duly admitted to practice before all Courts of the State of Nevada, and an attorney with RANDAZZA LEGAL GROUP, PLLC. (the "Firm").

2. I make this Declaration in support of the Chapter 7 Trustee's Application to Employ Randazza Legal Group, PLLC. as Special Counsel on a Contingent Fee Basis under 11 U.S.C. §§ 327(e) and 328(a) (The "Application") filed concurrently with this Declaration. I am over the age of eighteen and I have personal knowledge of the facts of this matter, except where stated upon information and belief, and if called to testify, I could and would testify to the following statements set forth herein.

3. The Trustee has requested, and the Firm has agreed, to be engaged as special counsel to pursue the legal malpractice claims against attorneys Eric Dobberstein, Kym Samuel Cushing and their respective law firms for the benefit of the bankruptcy estate on a contingent fee basis pursuant to the terms set forth in the Special Litigation Counsel Agreement (the "Agreement"), attached to the

1

1 | Application as Exhibit "1".

2 |     4. Pursuant to the Agreement, the Trustee and the Firm agree that attorneys' fees will be at a contingency fee of 33% for any recovery prior to filing a complaint; 40% of any recovery after filing a complaint; or 50% of any recovery after any appeal, plus reasonable costs incurred.

    5. The Firm acknowledges approval of any settlement of the bankruptcy estate's Claim, and payment of any fees to the Firm and/or reimbursement of costs from proceeds attributable to the bankruptcy estate's claims, are subject to approval of the Trustee and separate approval of this Court.

    6. To the best of my knowledge, information, and belief, after diligent inquiry, neither the Firm, nor any of its partners or associates of the Firm are connected to, represent, or hold an adverse interest to the Trustee, the Debtor, their creditors, or any other party in interest, or their respective attorneys or accountants, with respect to the matters on which the Firm is to be retained or employed in this case.

    7. To the best of my knowledge, information and belief, after diligent inquiry, neither the Firm nor any partners or associates of the Firm are connected to, represent, or hold an adverse interest to the United States Trustee, the Office of the United States Trustee and its employees, any judge of the United States Bankruptcy Court in the District of Nevada, or any other party with respect to the matter on which the Firm is to be employed except as set forth herein.

    8 In addition, to the best of my knowledge, after diligent inquiry, the Firm does not hold or represent any interest that would impair the Firm's ability to objectively perform the services contemplated herein.

    9. To the best of my knowledge, after diligent inquiry, the Firm and all of its partners and associates, are disinterested persons as that term is defined in 11 U.S.C. § 101(14) and pursuant to Fed. R. Bankr. P. 2014(a).

/ / / / /
/ / / / /
/ / / / /
/ / / / /

10. Notwithstanding any of the provisions in the Agreement (Exhibit "1" to the Application), Attorneys shall turnover all funds collected to the bankruptcy estate for distribution.

11. Subject to the Court's approval of the Application, the Firm is willing to serve as the Trustee's special counsel to perform the legal services described above pursuant to the terms set forth herein and the Agreement attached to the Application as Exhibit "1".

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:   June 30, 2025

*Alex Shepard*
_____
ALEX J. SHEPARD. ESQ.